**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Nov 05 2013, 5:48 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**STACY R. ULIANA**
Bargersville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**LARRY D. ALLEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DAWN WILLSEY, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 24A01-1302-CR-117 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE FRANKLIN CIRCUIT COURT
The Honorable J. Steven Cox, Judge
Cause No. 24C01-1105-FB-32

**November 5, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**RILEY, Judge**

STATEMENT OF THE CASE

Appellant-Defendant, Dawn Willsey (Willsey), appeals her sentence following her guilty plea to two Counts of burglary, Class B felonies, Ind. Code § 35-43-2-1(1)(B)(i).

We affirm.

ISSUE

Willsey raises one issue on appeal, which we restate as follows: Whether her sentence is inappropriate in light of the nature of the offense and her character.

FACTS AND PROCEDURAL HISTORY

Willsey and her ex-husband, Timothy Smith (Smith), have one child together. During their divorce in 2006, Willsey was prescribed Klonopin to treat depression. In 2008, she was prescribed Loracet to treat pain in her ribs. After a doctor suspected that she was addicted, Willsey was refused further medication. Willsey thereafter looked to Smith for drugs. Smith and Willsey eventually became heroin addicts. Willsey sold her home and belongings to obtain money for the drug, and she resorted to burglary when the money ran out.

On December 6, 2010, Willsey and Smith traveled to a house trailer in Franklin County, Indiana. Willsey knew that a flat-screen television was inside because she had previously cleaned the trailer as part of her employment. After breaking out the back window, Smith pushed Willsey through the window. Willsey entered the trailer and

2

unlocked the back door for Smith. Smith and Willsey stole the television, taking it to their drug dealer, who gave them heroin in exchange.

On January 30, 2011, Willsey and Smith went to an apartment in Brooksville, Indiana. Willsey was supposed to meet the apartment's resident, who had purportedly offered her $200 for sex. Although Willsey did not want to have sex with the man, Smith insisted that they needed the money for heroin. Smith waited in the car while Willsey went to the apartment. The door to the apartment was unlocked and Willsey went inside. When she learned that no one was at home, Willsey took a flat-screen television from the apartment and put it in the car. They later gave the television to a drug-dealer in exchange for heroin.

On May 3, 2011, Smith and Willsey were apprehended during a traffic stop in Ohio. Ohio law enforcement notified the Franklin County Sheriff's Department, which interviewed Smith and Willsey. Smith and Willsey each confessed to the two Franklin County burglaries.

On May 10, 2011, the State filed an Information charging Willsey with two Counts of burglary, Class B felonies, I.C. § 35-43-2-1(1)(B)(i). She was later convicted and imprisoned in Ohio for separate crimes, receiving an eighteen-month sentence. On July 25, 2012, Willsey plead guilty to both Counts without the benefit of a plea agreement. On October 3, 2012, a sentencing hearing was held at which Willsey – along with her mother, grandmother, and father – testified. Willsey accepted responsibility, expressed remorse, and explained how her drug addiction and Smith directly influenced her criminal actions.

3

Willsey's mother had become Willsey's minor child's legal guardian and testified how the child missed her mother. She also described Willsey as a follower who had fallen in with the wrong crowd. Willsey's father described Smith as deplorable, noting that he "ruined her life," "threatened her with the baby," "threatened to feed her to the hogs," and "broke her jaw." (Oct. 3, 2012 Sentencing Transcript p. 39). Willsey requested that the trial court permit her to serve her sentence as part of the Purposeful Incarceration Program at the Department of Correction (DOC) and to place her in community corrections.

On January 13, 2013, the trial court held a second sentencing hearing. The trial court noted two aggravators. First, the trial court reviewed a victim impact statement in which the victim relayed how his four year old daughter was fearful of the home because of the burglary, making visitation with his daughter difficult. Second, the trial court cited the way Willsey gained entrance to the apartment, breaking in after determining that no one was home. As mitigators, the trial court noted Willsey's minimal criminal history, which included a more than ten-year-old juvenile adjudication for both theft and burglary. The trial court also recognized Willsey's drug addiction and cited Willsey's cooperation and post-arrest behavior.

The trial court sentenced Willsey to eight years with two years suspended on each Count. The sentences were ordered to run consecutively, resulting in an aggregate sentence of sixteen years. The trial court declined to sentence Willsey to Purposeful Incarceration despite noting that it had the power to do so.

Willsey now appeals. Additional facts will be provided as necessary.

4

DISCUSSION AND DECISION

On appeal, Willsey argues that her sentence is inappropriate in light of the nature of the offense and the character of the offender. Indiana Appellate Rule 7(B) provides that we may revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find that the sentence is inappropriate in light of the nature of the offense and the character of the offender. The burden is on the defendant to persuade the appellate court that his or her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). When considering whether a sentence is inappropriate, we give due consideration to the trial court's decision. *Allen v. State*, 925 N.E.2d 469, 481 (Ind. Ct. App. 2010), *trans. denied.*

When considering the nature of the offense, the advisory sentence is the starting point to determine the appropriateness of a sentence. *Anglemyer v. State*, 868 N.E.2d 482, 494 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007). The advisory sentence for a Class B felony is ten years, with a range of six to twenty years. I.C. § 35-50-2-5. The trial court sentenced Willsey to eight years and suspended two years on each Count. Her sentence is therefore two years less than the advisory sentence for a Class B felony.

With respect to the nature of the crime, Willsey argues that her crimes are less egregious than the average burglary. In particular, she asserts that the value of property stolen was minimal and that no acts of violence occurred. The record reveals that the burglaries were committed while no one was at home. Willsey also argues that we should downplay the effect that the burglary had upon the apartment resident's four-year-old child,

since the resident purportedly offered Willsey $200 for sex. She does not assert, however, that the resident somehow sanctioned the burglary of his apartment. While there is nothing particularly egregious about the burglaries, we do not agree with Willsey that they differ markedly from a typical burglary.

With regard to Willsey's character, the record reveals that as a juvenile, Willsey was sent to the Indiana Girls School for burglary (a Class C felony if committed by an adult) and theft (a Class D felony if committed by an adult). We acknowledge, as did the trial court, the role Willsey's heroin addiction played in her crimes, her cooperation following her arrest, her guilty plea, Smith's domination of her, and her remorse. Yet, we do not agree with Willsey's claim that she received no benefit from her guilty plea. Willsey's sentence on each Count was two years less than the advisory sentence. Although Willsey argues that her guilty plea saved the State time and expense, her plea came after trial had been scheduled. To the extent that Willsey asserts that she was a follower of Smith, we note that Willsey reached out to Smith after she had been refused addictive medicine. We further acknowledge the ramifications of Willsey's behavior upon her daughter; however, Willsey admitted that her addiction supplanted her daughter's importance in her life and the child has been placed under a guardianship.

Although Willsey claims her concurrent sentences and placement in the DOC are inappropriate, multiple crimes or victims constitute "a valid aggravating circumstance that a trial court may consider in imposing consecutive sentences." *O'Connell v. State*, 742 N.E.2d 943, 952 (Ind. 2001). The trial court ordered consecutive sentences "because the

6

matters were unrelated and distinct from each other." (Jan. 16, 2013 Sent. Tr. p.8). It also ordered her sentence served at the DOC, rejecting her request for placement in Purposeful Incarceration and community corrections. Giving due consideration to the trial court's decision, we cannot say that Willsey's sentence is inappropriate.

CONCLUSION

Based on the foregoing, we conclude that Willsey's sentence is not inappropriate in light of the nature of the offense and the character of the offender.

Affirmed.

ROBB, C. J. and KIRSCH, J. concur